number 11-4157, Mr. Sloan and Ms. Crawford. Take your time setting up, no problem. Take your time for a little bit while everybody sets up. Good afternoon, your honor's Dennis Sloan for the appellant Bradley Orton. I'd like to reserve three minutes. That's fine. Make sure you have your voice raised up a little bit. I'd like your recitation of the facts of this case. I don't need them, anyone else. Your honor, this case raises a seemingly simple question for one's fundamental to working in the bankruptcy system. And that is, if a debtor exempts the full fair market value of an asset, claims an exemption in the full fair market value of an asset, does the bankruptcy estate retain an interest in the future appreciation of that asset? The answer is clearly no. It has always been no. The bankruptcy code states 522L. When a debtor exempts property, it is removed from the bankruptcy status. But doesn't the Schwab begin to change the equation? I don't believe the Schwab changes the equation. I think Schwab just focuses it more. The difference between Schwab and this case is in Schwab, you have to look at three values for the property. In Schwab, there was the value of the stated loan in addition, there was the value of the claimed exemption, and there was the actual fair market value on the date of filing. The actual fair market value on the date of filing was higher than the stated value and higher than the claimed exemption. The trustee did not object to the exemption, and all Schwab said was, the trustee does not need to object to the exemption to get that value that is greater than what is stated on the exemption. But it looks as if, as I'm looking at it in Schwab, that listing the fair market value of the royalty interest exempts an quote, interest, close quote, in the royalty interest, not the royalty interest itself. And if that interest that is exempted is equal to 100% of the value, there is no interest left for the bankruptcy estate. Maybe I'm missing something here then, too. Didn't you claim a value for the royalty on the exemption? Yes. One dollar. Right, that is the value. All right. So how do you have, why would the trustee need to object under those circumstances? If it's more than a dollar. If it's actual value is more than a dollar. I never said the trustee had to object to the exemption. This didn't come up as an objection to exemptions. The trustee, what I said was that the trustee is not entitled to anything other than what is the value of it over and above that exemption on the date of filing. And there isn't a value. The difference between Schwab is, Schwab, the asset was worth more than the exemption. Here, the asset is not worth more than the exemption. What the court has done here is say that basically an exemption is no longer an exemption. It is an unenforceable need in assets on property. You could have an asset worth $1,000 on the date that it's filed. You can claim an exemption of $1,000. If the trustee merely says, I want to reserve that asset and in 10 years that asset is worth $20,000, the trustee can go back and get it and the debtor is only entitled to $1,000. That's not what Schwab said. Schwab never even discussed post-petition appreciation. The difference between this and Schwab is the value of the property here is not more than the claimed exemption and is not more than the stated value on the petition. Where in Schwab it was. So it doesn't matter if the trustee objected to this exemption. At some point it does become more, does it not? It appreciates in values. It appreciates. It may be. I don't know. It's not appreciated in value. And the value, the property that bankruptcy state has is worth the debtor had on the date of filing. The value is what fair market value. Schwab 2282, fair market value on the date of filing. To say that the trustee is entitled to an increase, to any increase in property that was worth less than a billion worth of exemptions after a bankruptcy is filed is to basically eliminate bankruptcy. Any time you have a share of stock, as you have five shares of stock worth $5,000 today and you have exemption that could exempt $5,000, what these lower court decisions in this interpreting Schwab say is in 15 years if that stock is worth $30,000, the trustee can come back in 15 years, sell that stock, and give you the $5,000. It burdens the debtor. It gives the debtor the burdens of property ownership, not the benefits of property ownership. There's not a question. There's never been a question. Mr. Sloan, you're making this argument again. I think we have to understand that this case is controlled completely by Schwab and Riley. All Orton did here was pay as exempt in Schedule D, C, the same amount he estimated the lease to be worth in Schedule D. That's exactly what the debtor in Schwab did, and you saw what the Supreme Court did with it. I respectfully disagree, Your Honor. There's a difference. In Schwab, the debtor listed the value of the asset at $10,000, roughly. The debtor claimed an exemption of $10,000. The Supreme Court didn't hold that the trustee didn't need to object because the stated value equaled the value of the claim to exemption. The actual value of the data file in Schwab was $17,000. All the Supreme Court said was your claim to exemption was $10,000. There is $7,000 left, so the trustee can get that $7,000. This case is different. You're saying that the dollar is the fair market value. It is the fair market value. I realize that Schwab did not decide that issue. But it certainly gave an indication of how it might loom in deciding that issue in footnote 21. Well, in footnote 21, basically the court said in footnote 21, if you list property as exempt for 100% of the fair market value, then that would give the trustee an indication that they need to file an objection to the exemption. Then the court would hold a hearing, and when the court holds that hearing, the court would determine whether the property is worth less than the exemption or whether it's worth less. Accordingly, it is far from obvious that the court would entitle Riley to clear title in the equipment, even if she claimed as exempt a full or 100% interest in it. But it continues that there would be no incentive for the trustee to sell the property in that instance because they would have to turn over all of the value to the debtor, and that's not what's happening here. What's happening here is the trustee is trying to hold on to property for— to see if it increases in value, and if that's what the why is, you can't have exemptions. You could never exempt real estate. You couldn't do it because if real estate is going to increase in value— If you were doing this all over again as a part of planning, when you do Schedule B, would you have listed or advised someone to list more than a dollar value? We wanted to ask the value because this is an oil and gas world, and it's kind of a bifurcated interest under the law. So what you have is you have the accrued royalty, which is those royalties that are due at the time of filing, and then you have the unaccrued royalty, which under state law remain a part of the real estate. What I'm asking really is a tactical question in order for you not to be here. If you had said that this is worth— and listed it up to the maximum amount of the wildcard exemption under D-5, for example, wouldn't you have a much better claim? No, because it doesn't change what the value is in the date of filing. Under these lower court opinions, they would say, okay, instead of you having a dollar in the accrued royalty, you now have $5,000 in the accrued royalty, and even though it's worth $4,000, once it gets past $5,000, then it all has to go to the trustee. And that's just not the law. This interest actually has— Mr. Sloan, in answer to Judge Agro's question, wasn't the answer furnished by the court in its law saying that the debtor should list the exempt value as full market value, FNV, or 100% of FNV? Isn't that what you should have done in answer— that you should do in answer to Judge Agro's question? That is an alternative way to list it, but the court doesn't say that that is the way it should be listed in Schwab. And you have to look at what the— It's a very, very specific suggestion to debtors. I agree that they did, but you have to look at what the purpose of listing it that way was. And the purpose of listing it that way was to get the trustee to file an objection because they are put on notice that they're trying to exempt the full fair market value. Then you have a hearing, and the court determines it. And we had a hearing. I understand your argument. Look, the point is pretty simple. In one sense, we just took them all away. Schwab says that if you take an exemption up to X dollars, you get up to X dollars if there's no objection, and it doesn't have to be resolved by a court, and that's all you get. And then taking from that, if you list X and the property has appreciated, who gets the benefit of that, the creditors or the debtor? And I think the arrows seem to be pointing, at least based on Note 21 in Schwab, to the creditors. I disagree with that because in Note 21, the court specifically says, if 100% of the value is exempted and you liquidate it, you have to give that money to the debtor so there's no incentive. So if there's a zero in value of the interest for the estate and less of it. If Taylor was still the law and not Schwab, he might be right if there were no objection. Do you want to see the arrows pointing there? No, not in this case. I think what Schwab was fundamentally saying was you have to look at the actual value of the property. You can't sneak it by by listing it under value. So when you look at the actual value of the property... No, the headphones were loud on the Schwab with Stock 22L, which was that if you list something and it's not objected to, it seems to be okay. But the court said, despite what it said in Taylor, that we're going to rethink it. Justice Breyer said, which I think he took from Robert Jackson, the Supreme Court isn't right because it's infallible. It's infallible because... It doesn't have the last word because it's infallible. It's infallible because it gets the last word. Well, I'm out of time, so that's what I think. What I would say is this. The Supreme Court was not even discussing the matter as to whether or not this property... If the Supreme Court had decided, yes, you didn't have to file an objection, but we don't know what the value is, you would have had a hearing to determine the value. And if they meant that the estate gets all post-petition appreciation,  on an objection to exemption. An objection to exemption would simply set a value of a lien for a debtor at the maximum amount allowed, and then whenever, at any point in the future, that property became worth more, a trustee could come back and sell it. And that's just... That's never been the law. There's never been a case. I don't think the Supreme Court, but Dina Yashuab is pointing that way, and I respectfully disagree with you. I think that it was basically saying, simply what it said. If it's worth more... I would follow that up. Come back again for one more time to tell us why... I realize there's some text that precedes footnote 21 that may indicate you're in their favor, but when you look at footnote 21 itself, I find it difficult to see how it does cut in your favor. We'll get you back. Thank you. Ms. Crawford. Good afternoon. Rosemary Crawford, trustee for Bradenton, in this case. Here, the crux of this case is Schwab versus Riley. In this particular case, the debtor valued an asset at a dollar, exempted it as a dollar, based on Schwab. I never objected because I didn't have to. If I sell it for more than a dollar, he gets a dollar. And this doesn't mean that the opportunity I would own this property, this particular property, there's an oil and gas lease. It expires 2013. If that's not sold, I'll lose my... I'm not going to pursue it any further. And the... Assume there's post-petition appreciation in the value of this royalty interest. Yes. Assume in the future that you liquidate it. Yes. Are you entitled to the royalty interest appreciation above the dollar amount exempted or above the dollar limit of the exemption? Of the amount that's listed on Schedule C. So you're not... You wouldn't divide the post-petition appreciation in some way? No. That goes to the estate. Post-petition interest goes to the estate. Keep in mind that Ordon had, what, $3,600 roughly of the wild-card exemption still available? Yes. He... If... Yes, Your Honor. If I may also say, if the value had been more than a dollar, it would have been more likely than not that I would not have pursued this asset. But I didn't... I wasn't... I'm not inclined to believe that that was really the potential value of this asset, especially in light of the public notice that in the western district of Pennsylvania there's a lot of oil and gas drilling now with Marcellus Shell. Really? Also... I guess the problem, the hypothetical that jumps out at you is what happens if you have stock in a company and it goes up and down and it significantly appreciates. I mean... If it goes... If it appreciates, it goes to the estate. But it also works the other way. If it loses value, there's times where the estate would have nothing. There's times, for example, when we administer real estate, there's an issue with the real estate. The estate has to suffer the consequences of that. So it works both ways. In the... What are you currently doing when you abandon... Are you... Are you exempting certain property that you think might appreciate? Yes. May I give you a little background? Sure. In the western district of Pennsylvania, the judges do not want the cases open for a significant amount of time, such as other districts like the Middle District  Some cases I've heard in other districts may be open 5, 10 years. Our judges want us to close the cases. And as my understanding, the judges came up with a process called a motion to close case and accept certain assets from abandonment. And that... And with that said, once we file a motion that the court approves, we accept that certain assets are accepted from abandonment. And then after that time, we file a report in our distribution. Then the case can be closed. The debtors can get their discharge. And if it comes out later that it's increased in value, we can reopen it. We can file a motion to reopen the case. And we can attempt to administer that asset. And if it doesn't, then we don't do anything else with that asset. So that's kind of the background of that. It's something that our courts want us to do to be expeditious and to close the cases. But also, we have a duty to administer assets. So if we realize that something may have potential value, then we do, you know, accept it. What is your reading of footnote 21 in Schwab? Your Honor, if the debtor had exempted the asset at 100%, I would have objected. Or if I had not objected, then I would not be able to administer the asset. I mean, that's available to the debtor. So again, that they would be protected if they were concerned about putting me on notice and that they really wanted to fully exempt it if they exempted it at 100%. Then I would, again, if I had not objected, then I would no longer be attempting to administer that asset. I have no further questions. I have no questions. Judge Officer? None. Okay. Thank you. Thank you, Your Honor. Mr. Sloan? Mr. Sloan, just thinking out loud, if you really wanted to keep a certain asset, and you wanted to exempt it in kind, at the outset, instead of following Chapter 7, wouldn't you just follow Chapter 13? Well, under this law, you couldn't even do that. Because under this law, whether you do it within Chapter 13, you would have to pay 100% of the liquidation alternative. And what is the liquidation alternative? You usually amend it into agreement as to what that would be. Well, I mean, you're going to have to show what the liquidation alternative is in order to comply and in order for a case to get confirmed. Chapter 13 trustee would be able to just object and say, we have an asset that is... Let's just say it's a house, because it is not the practice of trustees to reserve and exempt from reservation a house. Let's just say it's a house. An empty apartment, really. A trustee is not going to say, well, we... If this law stands, in Chapter 13, you would have to say, if that empty apartment building at any point in the future would become full, would be worth more money, if the increase in the value of real estate would increase, then there would be that money available to you in Chapter 7. So every Chapter 13 plan would have to be a 100% plan. And I disagree. I think the analysis in... I think in Formula 21, you know, really what the court is saying is that because you're exempting the interest in the value, that that creates sort of a legal fiction in the sense when you have a 100% of the full interest exempted, where technically, a trustee could sell it, but there's no incentive because the full value belongs to the debtor. And we have to turn it over and we, I think, violate what the trustees are required to do by the U.S. Trustee's Office. You know, they're told not to sell property without equity. This here would say, reserve property. And I think when the court specifically said for it, we can look at this case exactly. Let's say that it was listed 100% of the fair market value because she did not file an objection to exemption. And I'm not saying, that's not my argument that she didn't file an objection to exemption. So let's say that I listed 100% of the fair market value and she filed an objection to exemption. Under the clear reading of Schwab, the court will hold a hearing to determine what the value is. That's what happened here because the court here says, we don't care what the value is. We realize it's not worth anything today. But because the trustees speculate, because they hear a news story about Marcella Shale, that there might be some value to this 132nd interest sometime in the future, we're going to wait and say that this day can come back 10 years later, 20 years later, you know, whenever. That's just not, that's absolutely not the law. These are the only opinions that have ever said that. It has always been clear that if there is an exemption, if there is an exemption that takes out the full fair market value, that post-petition increase in that value belongs to the debtor. It's only in those cases where the value is partially exempt, where there is a post-petition increase in value belongs to the estate. This is a case where it is actually worth nothing because there is zero dollars due. And so the accrued interest is, I mean, if someone wants to give me $10,000 for the right to receive zero dollars, I'll take it. So what are we fighting about here? It's not worth anything. Well, it could be the government that pays. Exactly. Well, I'll tell you. I mean, this issue was raised to this blockade by the court in their opinion. It was not argued in front of the bankruptcy court. It was not briefed in front of the bankruptcy court. What we're arguing about here is the oil and gas issues. And the reason I objected to this are becoming a big issue. And if there's no dollars involved in it, no, potentially, in some there is, in some there is, and in some there isn't. This is one that, you know, there isn't. And so, you know, you need some... Go back to his question. You need some definition as to, you know, where do these oil and gas needs to stand? And the answer is clear. The accrued royalty remains part of the real estate and we value that so that the royalty interest for the oil and gas is not going to produce as part of that real estate listed value is worth 4,000 because one-fourth interest is worth 4,000 or one-eighth interest is worth 4,000 some odd dollars. That includes the right to royalty in any oil and gas that would be produced later. The accrued royalty is a bifurcated separate interest. That's a personal property interest under the law. There is no bail on this property. There is zero dollars in royalty due to it. So, therefore, that accrued royalty is worth a dollar. I mean, it's worth zero dollars. It's worth, you know, it doesn't have a value. Thank you very much. Thank you to both counsel for well-presented arguments. We'll take the matter under advisement and call it a last.